UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDI BLACK,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,<br><br>  Defendant. | CASE NO. C17-1198 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 13), and Defendant Nancy Berryhill's ("Government") objections to the R&R (Dkt. 14).

On March 14, 2018, Judge Christel issued the R&R recommending that the Court reverse the Administrative Law Judge's ("ALJ") denial of Plaintiff Brandi Black's ("Black") application for social security benefits. Dkt. 14. On March 23, 2018, the Government filed objections. Dkt. 14. On April 12, 2018, Black responded. Dkt. 15.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, the Government objects to Judge Christel's recommendation that the ALJ erred at Step Two of the sequential evaluation process by failing to adequately consider all of Black's medical impairments. Dkt. 14. The Government mischaracterizes the scope of Judge Christel's recommendation. While Judge Christel did find that the "ALJ failed to consider [Black's] depression and panic disorder as severe impairments at Step Two," he went on to conclude that, because of these failures, Black's residual functioning capacity ("RFC") "was incomplete, flawed, and not supported by substantial evidence." Dkt. 13 at 6 (internal quotations omitted). The Court agrees with the Government that reversing an ALJ's decision solely on the basis of an error at Step Two may require further consideration of the recommendation. The Court, however, concludes that reversal based on an ALJ's error in properly assessing a claimant's RFC is consistent with binding case law. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (error at Step Two "necessarily" affected Step Five analysis). Therefore, the Court having considered the R&R, the Government's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) The ALJ's decision is **REVERSED**;

(3) The matter is remanded for further consideration; and

(4) The Clerk shall enter **JUDGMENT** for Black and close this case.

Dated this 22nd day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge